IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NICHOLAS R. MYERS     PLAINTIFF

V.     CASE NO. 5:17-CV-05180

DOUG MARTIN, Washington County
Circuit Judge, 4th Judicial District; and
JOHN SNYDER, Deputy Prosecuting
Attorney, 4th Judicial District     DEFENDANTS

## OPINION AND ORDER

Plaintiff has filed this case pursuant to 42 U.S.C. § 1983. He proceeds *pro se.* He has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. 2). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is incarcerated in the Washington County Detention Center ("WCDC") on pending criminal charges. Plaintiff alleges his constitutional rights are being violated by the "ridiculously" high bond that has been set—$50,000. He alleges he has been denied a bond reduction. He also alleges that the Defendants are aware of the fact that he has a medical condition, cardiac necrosis, and that he cannot have surgery until he is released from jail. Plaintiff maintains the Defendants are also aware of the fact that the WCDC officials are denying him medical care despite the fact that his condition is worsening.

-1-

Plaintiff states his trial was just continued for another two months. As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Plaintiff's claims are subject to dismissal. First, Judge Martin is absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here.

Second, Plaintiff's claim against John Snyder is subject to dismissal. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

## IV. CONCLUSION

The claims asserted in the Complaint are subject to dismissal as they are made against individuals who are immune from suit. Therefore, the case is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS SO ORDERED** on this 4th day of October 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE